SUMMARY ORDER

Petitioner Yong Shi, a native and citizen of the People’s Republic of China, seeks review of the April 18, 2008 order of the BIA affirming the January 24, 2008 decision of Immigration Judge (“IJ”) Terry A. Bain, denying his motion to reopen and to file a successive asylum application. In re Yong Shi, No. A070 071 316 (B.I.A. Apr. 18, 2008), aff'g No. A070 071 316 (Immig. Ct. N.Y.City, Jan. 24, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA adopts and supplements the decision of the IJ, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s denial of a motion to reopen for abuse of discretion. See Azmond Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mulcasey, 546 F.3d 138, 169 (2d Cir.2008).
Shi argues that the BIA erred by relying on its precedential decisions to summarily conclude that he failed to demonstrate materially changed country conditions sufficient to excuse the time and numerical limitations on filing his motion to reopen. See 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). However, these arguments fail, as we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. See Jian Hui Shao, 546 F.3d at 171 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006). In addition, we find that there were no translation errors of sufficient importance in a U.S. State Department report cited in the BIA’s recent published decisions to undermine the BIA’s conclusions in this case. Accordingly, we will not disturb the agency’s decision.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).